[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12662
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-01607-CV-4-HGD

DONNA JOHNSON,

                                                        Plaintiff-Appellant,

versus

TIMOTHY R. WYANT,
et al.,

                                                        Defendants,

TIM GARRETT,
JAKE FOWLER,
CITY OF FYFFE, ALABAMA,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 26, 2010)

Before EDMONDSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

During the course of her divorce from Timothy Wyant, Donna Johnson changed the locks to the marital home and placed her husband's clothing and personal items in the garage. Within the week, Wyant arrived with two men and his sister to retrieve "his stuff." Wyant had previously requested a police presence from Chief Jake Fowler of the Fyffe police department, and Officer Tim Garrett was on the scene to prevent a breach of the peace. When Johnson said that her husband's things were in the garage, Officer Garrett told her that Wyant wanted more than the property in the garage, and he repeatedly encouraged her to let them in so that Wyant would not break down the door.

Johnson opened the door, and Wyant spent the next several hours removing furniture and other personal property from the residence. Officer Garrett remained on the scene to supervise and threatened Johnson and Wyant with arrest if either of them acted inappropriately. Both Officer Garrett and, via telephone, Chief Fowler explained to Johnson that her husband, as a titled co-owner and resident of the house, was entitled to enter it and take whatever he wanted. The court

2

presiding over the couple's divorce action later awarded Johnson most of the property that Wyant took.

Johnson sued Garrett, Fowler, and the City of Fyffe under 42 U.S.C. §§ 1983 and 1985(3),[1] alleging a deprivation of her due process rights and a conspiracy to discriminate against her because of her sex. The parties consented to a bench trial before a magistrate judge, who concluded that Johnson's civil rights had not been violated, that Garrett and Fowler were entitled to qualified immunity in any event, and that the City of Fyffe could not be held liable because it had no policy or custom deliberately indifferent to Johnson's rights. The court also rejected Johnson's conspiracy claim on the ground that she had not proven that any discriminatory animus motivated the defendants' actions. The court therefore entered judgment in favor of the defendants and dismissed Johnson's claims. She now appeals.

After a bench trial, we review the trial court's legal conclusions *de novo* and its factual findings for clear error. *Mitchell v. Hillsborough County*, 468 F.3d 1276, 1282 (11th Cir. 2006).[2] To prevail on her § 1983 due process claim,

---

[1] Johnson also sued Wyant and his sister, but those claims were settled before trial.

[2] Because the magistrate judge granted the defendants' motion for a "directed verdict" under Federal Rule of Civil Procedure 50, Johnson argues that we should apply the standard of review applicable to Rule 50 judgments and reverse if reasonable persons could reach a different conclusion than the magistrate judge. Rule 50, however, only applies in jury trials, and it is clear

Johnson must prove that she was deprived of a constitutionally protected property interest through state action without adequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). To succeed under § 1985(3), she must prove the existence of a conspiracy to deprive her of the equal protection of the laws on the basis of her sex, an act in furtherance of the conspiracy, and a resulting injury. *Childree v. UAP/GA AG Chem., Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996).

We agree with the magistrate judge that Johnson has failed to establish a violation of her rights under § 1983. Officer Garrett and Chief Fowler correctly informed Johnson that the police could not prevent Wyant from entering his own home unless he breached the peace. Furthermore, until the judge in the couple's divorce proceedings awarded Johnson sole ownership of the marital property, the police had no responsibility to determine or enforce her disputed right to its possession. Officer Garrett did not help Wyant remove any property, and on these facts, his presence to keep the peace did not amount to a violation of Johnson's constitutional rights. *See Cofield v. Randolph County Comm'n*, 90 F.3d 468, 471–72 (11th Cir. 1996). In the absence of a constitutional violation, Johnson's § 1983 claim fails.

---

that the court entered a judgment in favor of the defendants at the conclusion of the bench trial. At any rate, our conclusions do not turn on this distinction in the applicable standard of review.

With respect to Johnson's conspiracy claim under § 1985(3), she presented no evidence at trial that the defendants had discriminated against her on the basis of her sex. Instead, she relied on an inference of sex-based discrimination from the fact that the defendants had allowed her husband, a man, to take property from their home. When asked whether Officer Garrett had done anything to suggest he was mistreating her because of her sex, Johnson responded, "I don't know why he done what he done." Given the evidence presented at trial, the magistrate judge correctly concluded that there was no basis for Johnson's claim under § 1985(3).

Because Johnson established neither a deprivation of her rights nor a discriminatory conspiracy, the judgment of the magistrate judge is

**AFFIRMED.**